NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN F. KENNEDY MEDICAL CENTER,<br><br>                         Plaintiff,<br>v.<br><br>DIALYSIS CLINIC, INC GROUP HEALTH PLAN and/or ABC GROUP HEALTH PLAN 1-10,<br><br>                         Defendants. | Civil Action No. 09-4208 (WJM)<br><br>**REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this case to state court. [CM/ECF No. 7.] Defendant opposes the motion. The Court has considered the papers submitted and rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

### BACKGROUND

On June 30, 2009, Plaintiff, John F. Kennedy Medical Center, filed a two count complaint in New Jersey Superior Court against Defendant, Dialysis Clinic Inc., Group Health Plan ("Defendant" or "the Plan"), for breach of contract and unjust enrichment. Plaintiff is a hospital that provides medical services to the public. Defendant is group health care plan. The Complaint alleges that Plaintiff contracted with a non-party, Galaxy Health Network, to become a preferred provider

organization offering discounted fees to patients covered by health care plans that had contracted with Galaxy. (Compl. ¶ 2.) The Complaint further alleges that Plan also entered into a contract with Galaxy, which allowed its members access to preferred rates for covered medical services at participating hospitals.[1] (Id. ¶ 6.)

In 2003, Plaintiff provided medical services to two of the Plan's individual subscribers. Plaintiff sought payment from the Plan for the services rendered, but the Plan, perhaps through a re-pricing agent, HealthDataInsights, reimbursed Plaintiff less than the full amount provided for under the Galaxy contract. As a result, Plaintiff commenced the present breach of contract action, seeking to recover what it claims is full payment for the services provided to the Plan's two subscribers.

On August 17, 2009, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. Defendant alleges that Plaintiff's breach of contract claim is actually a claim for benefits under a employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. and is preempted by federal law. (Notice of Removal ¶ 5.)

On September 28, 2009, Plaintiff moved to remand this case to state court, arguing that this is a simple breach of contract action over the proper amount of payment to which it is entitled and that this matter has nothing to do with eligibility or benefits under an ERISA plan.

---

[1] In its brief, the Plan extensively argues the underlying facts and merits of the case, including that it never entered in a contract with Galaxy. However, the allegations in the Complaint are assumed true for purposes of this motion. See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the Plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court *must assume as true all factual allegations of the complaint*." (emphasis added)); see also Delaware v. Smith, 644 F. Supp. 2d 475, 477 (D. Del. 2009).

**DISCUSSION**

A.   **Standard of Review**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper. Samuel-Bassett v. Kia Motors Corp., 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand. Id.

A district court has original jurisdiction over cases that "arise under" federal law. See 28 U.S.C. § 1331, 1441(a). In this regard, pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Tr. for S. Ca., 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law."). Federal jurisdiction cannot be established by a federal defense or by challenging the merits of a claim. See Caterpillar, 482 U.S. at 393. Although it is undisputed that Plaintiff's Complaint presents no federal claim on its face, the Plan argues that removal jurisdiction is proper under the doctrine of complete preemption, which serves as an exception to the "well-pleaded complaint" rule. See, e.g., Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character.").

The doctrine of complete preemption "creates removal jurisdiction even though no federal

3

question appears on the face of the plaintiff's complaint." Id.  Claims which fall within the scope of ERISA §502(a) have been deemed to be completely preempted.  See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004) ("State law causes of action that are 'within the scope of . . . §502(a) are completely preempted . . . ."); Vaimakis v. United Healthcare/Oxford, No. 07-5184, 2008 WL 3413853, at * 3 (D.N.J. Aug. 8, 2008) ("ERISA's civil enforcement provision falls within the doctrine of complete preemption.").  Therefore, such claims are removable to federal court.  See, e.g., Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271 (3d Cir. 2001) ("Following the decision in Metropolitan Life, there can be no question that 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.' ") (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987)).

The Third Circuit has set forth two conditions which must be met for a claim to be completely preempted under §502(a) and, therefore, subject to removal: (1) that the plaintiff could have brought the claim under §502(a), *and* (2) that "no other legal duty supports" plaintiff's claim.  See Pascack, 388 F.3d at 400.  Both conditions must be met in order for the claim to be completely preempted.  See, e.g., N.J. Spinal Med. & Surgery, PA v. Aetna Ins. Co., No. 09-2503, 2009 WL 3379911, at *2 (D.N.J. Oct. 19, 2009); Vaimakis, 2008 WL 3413853, at *3.  As the party seeking removal, Defendant bears the burden of proving that Plaintiff's claims are ERISA claims.  See, e.g., Pascack Valley, 388 F.3d at 401.

Pursuant to §502(a) of ERISA, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Therefore, standing to sue under the statute is "limited to participants and beneficiaries." Pascack

4

Valley, 388 F.3d at 400.[2] If Plaintiff has no standing to sue under ERISA, then this Court lacks federal subject matter jurisdiction to entertain this matter. See generally id. at 402.

### B. Parties' Arguments

In support of remand, Plaintiff argues that Defendant has failed to establish that this matter comes within the narrow exception to the well-pleaded complaint rule endorsed in Pascack Valley. Plaintiff argues that its claims are based entirely on the existence of contractual arrangements, express or implied, and that its claims will stand or fall on the existence and validity of such contractual arrangements. (Pl.'s Br. 1, 12.) Plaintiff expressly states that it does not seek to recover under the ERISA plan, and that its claims are simply over the proper amount of payment to which it is entitled, which is a non-federal issue. (Pl.'s Br. 12.) Plaintiff contends this matter is controlled by Pascack Valley and that remand is thus required. (Pl.'s Br. 12; Pl.'s Reply Br. 5.)

Defendant does not attempt to argue that Plaintiff has standing to sue under ERISA § 502(a) and makes no effort to establish the requirements set forth by the Third Circuit in Pascack Valley. Rather, Defendant's entire opposition to remand is based on the single argument that, contrary to the allegations in Plaintiff's Complaint, there are no contractual obligations between it and Galaxy or between it and the Plaintiff. (Def.'s Br. 5-6.) In essence, Defendant's opposition to remand is that Plaintiff cannot prevail on a breach of contract claim as a mater of law. It argues that Plaintiff will eventually have to resort to seeking recovery against the Plan under ERISA, which would, according to the Plan, potentially require it to act inconsistently with its Summary Plan Description ("SPD"). (Def.'s Br. 6.) Thus, Defendant contends Plaintiff's claims amount to a "determination of whether

---

[2] Pascack Valley has also been interpreted to support derivative standing for a health care provider under ERISA § 502(a)(2) if there exists a valid assignment to the provider by a plan participant or beneficiary. See, e.g., North Jersey Ctr. for Surgery, PA v. Horizon Blue Cross Blue Shield of N.J., No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008); Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc., No. 06-298, 2007 WL 24166428, at *4 (D.N.J. Aug. 20, 2007). This type of standing is not at issue in this case.

a health care provider can violate the terms of an ERISA governed plan, and therefore it properly belongs before the U.S. District Court." (Def.'s Br. 6.)

Based on the reasons that follow, the Court concludes that Defendant has completely failed to establish that Plaintiff could have brought its claims under ERISA §502(a). Therefore, Defendant fails to carry its burden of showing that removal was proper.

**C.     Analysis**

It is apparently <u>undisputed</u> that Plaintiff is not a participant or beneficiary in the Plan and that it has not been assigned a right to recovery from a plan participant or beneficiary. This eliminates <u>any</u> possibility that Plaintiff's claims could be preempted by ERISA. See <u>Pascack Valley</u>, 388 F.3d at 400 (ERISA preemption requires that the claim could have been brought under §502(a)). As the party seeking removal, Defendant bears the burden of establishing federal jurisdiction and, therefore, that Plaintiff could recover under ERISA. See <u>id.</u> Its failure to do so is dispositive. In the absence of standing under <u>Pascack Valley</u> and ERISA, which the Plan does not even attempt to establish, the inquiry is over, and remand is proper. See <u>id</u>.

Putting that aside, the Plan's sole argument opposing remand has been flatly rejected by the Third Circuit. The Plan argues that Plaintiff cannot produce a valid contract under which it can recover. They claim the absence of a valid contract will eventually require Plaintiff to resort to attempted recovery under ERISA and the Plan's SPD. This argument goes to the merits of the case. It cannot be decided at this juncture and is irrelevant to the present jurisdictional motion. The proper subject of a jurisdictional analysis is Plaintiff's Complaint; Plaintiff is the master of its complaint, and arguments over the merits of the case and speculative potential defenses, whether federal in nature or not, are not pertinent to the Court's analysis. See, e.g., <u>Franchise Tax Bd.</u>, 463 U.S. at 14 ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis

6

of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").[3]  If there is no valid contract under which the Plaintiff can recover, the Plan may prevail on the merits of the case.  That goes well beyond the scope of the jurisdictional inquiry before the Court.  As explained by the Third Circuit:

> [T]he Plan argues that there is no direct contractual relationship between itself and the Hospital.  The question on appeal is whether the Hospital could have brought its claim under § 502(a).  If it could not, then removal was improper, and the Plan's argument on the merits, including its argument that no contract exists, can only be adjudicated in state, not federal court.

Pascack Valley, 388 F.3d at 401 n.8.

The presence or absence of a valid contract between the Plan and Galaxy does not impact the Court's jurisdictional analysis.  The issue is whether the Plaintiff could have brought its claims under ERISA.  Indeed, the only pertinent question is whether Plaintiff has standing to bring its breach of contract claim under ERISA.  It cannot.  Because Defendant has failed to satisfy the first prong of the Pascack Valley test, i.e., that Plaintiff could have brought its claim under ERISA § 502(a), Plaintiff's state law breach of contract claim cannot be completely preempted under § 502(a).[4]  As such, this Court lacks subject matter jurisdiction, and the case should be remanded.

---

[3] Likewise, the Plan's assertion that Plaintiff should be required, in the context of this motion, to produce a valid contract is manifestly incorrect; it is *Defendant's* burden to establish jurisdiction, not Plaintiff's, see Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), and the allegations pleaded in Plaintiff's Complaint, including the existence of valid contracts, are *assumed to be true* for the purposes of this motion.  See Steel Valley Auth., 809 F.2d at 1010.

[4] Defendant has failed to establish that Plaintiff is a beneficiary or participant of the Plan or that Plaintiff has somehow been assigned a right to recovery under the Plan.  Therefore, there is no reason to address the second prong of the Pascack test.  See, e.g., Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan, 143 Fed. Appx. 433, 436 (3d Cir. 2005) (granting motion to remand after finding that the defendant had failed to satisfy its burden of

    **D.**    **Plaintiff's Request for Attorneys' Fees & Costs**

28 U.S.C. § 1447(c) provides, in relevant part, that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lack an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, Plaintiff claims that fees are warranted because Defendant was aware that it could not meet the Pascack Valley standard prior to seeking removal. Although the Court agrees that jurisdiction is lacking, ERISA's preemption provision, and the body of law that surrounds it, is sufficiently complex such that the Court is unable to conclude that the removal was frivolous. Therefore, the Court declines to recommend an award of costs and fees.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

                                                             /s/   Mark Falk
                                                             **MARK FALK**
                                                             **United States Magistrate Judge**

---

demonstrating the existence of a valid assignment); North Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008) (declining to address the second Pascack prong where defendant had failed to meet the first Pascack prong).